Filed 5/14/24  P. v. Crowley CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CROWLEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B326406<br>(Super. Ct. No. 2008033525)<br>(Ventura County) |

Daniel Crowley appeals from a Penal Code[1] section 1172.1 resentencing.  Appellant contends the trial court erred when it failed to properly consider mitigating circumstances requiring it to dismiss enhancements under section 1385.  We disagree because the court found dismissal would endanger public safety.  We will affirm.

---

[1] All further statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2009, a jury convicted appellant of four counts of second degree robbery (§ 211) and found true two allegations that appellant personally used a deadly and dangerous weapon, i.e., a knife (§ 12022, subd. (b)(1)). Jury and court findings also established that appellant had suffered three prior convictions qualifying as both strikes and serious felony prior convictions. (§§ 667, subds. (a)(1), (c)(1), (e)(2), 1170.12, subds. (a)(2), (c)(2)).

On February 23, 2010, the trial court sentenced appellant to a state prison term of 100 years to life, plus 16 years. As to the indeterminate portion of the sentence, the court imposed terms of 25-years to life for each of the four robbery convictions. As to the determinate portion, the court imposed three five-year terms for each of the section 667, subdivision (a)(1) serious felony prior enhancements, plus one year for the section 12022, subdivision (b)(1) weapon enhancement. We affirmed the judgment. (*People v. Crowley* (Apr. 19, 2011, B222972) [nonpub. opn.].)

In a February 18, 2021 letter, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended the trial court recall and resentence appellant pursuant to former section 1170, subdivision (d)(1).[2] After holding a hearing, the court recalled appellant's sentence. The court struck two of the three strike priors. The court resentenced appellant to a determinate term of 32 years: (1) the upper term for the robbery in count 1, doubled pursuant to the remaining

---

[2] Prior versions of the recall and resentencing provision now in section 1172.1 once existed in former sections 1170, subdivision (d)(1) and 1170.03. (Stats. 2021, ch. 719, §§ 2, 3.1; Stats. 2021, ch. 695, § 5; Stats. 2022, ch. 58, § 9.)

strike, for a total of 10 years; (2) consecutive terms of two years for each of the remaining three robbery counts; (3) five years for each of the three section 667, subdivision (a) serious felony prior enhancements; (4) one year for the section 12022, subdivision (b)(1) weapon enhancement.[3]

In explaining its ruling, the court stated: "There are no factors that would require the dismissal of any enhancement under PC 1385. Doing so, in my view, would endanger public safety—and the standard is different on public safety—and would be contrary to the interest of justice. All told, with seven separate strikes and a prior sentence of 116 years to life, my view is that my reduction here today is generous to the defendant in that . . . you get an out date, but still weighty enough to reasonably punish him and protect the public."

## DISCUSSION

Appellant argues the trial court failed to properly consider and "afford great weight" to three mitigating circumstances supporting dismissal of enhancements. He contends that section 1385 creates a presumption in favor of dismissal if statutory mitigating circumstances are present and that presumption is overcome only by evidence that dismissal would endanger public safety. He is mistaken.

Section 1385 enables trial courts to dismiss enhancements in furtherance of justice. (§ 1385, subds. (a), (b), (c)(1).) Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to specify mitigating circumstances for the

[3] The information also included allegations under section 667.5, subdivisions (a) and (b). We do not discuss those allegations further because they did not increase the duration of either appellant's original or revised sentence.

court to consider in deciding whether to strike an enhancement in the furtherance of justice and directs that "[p]roof of the presence of one or more of these [mitigating] circumstances weighs greatly in favor of dismiss[al]." (§ 1385, subd. (c)(2); See *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16.) But the court need not afford great weight or even consider the listed mitigating circumstances if it finds "dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) In assessing whether public safety would be endangered if an enhancement is dismissed, the court is not required "to consider any particular factors." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 299; § 1385, subd. (c)(2).) It is therefore irrelevant whether the court afforded great weight to any mitigating circumstance under section 1385. Thus even if section 1385 "erects a presumption in favor of the dismissal of the enhancement" that presumption is overcome when the "court finds that the dismissal would 'endanger public safety' . . . ." (*People v. Walker* (2022) 86 Cal.App.5th 386, 398-399, review granted Mar. 22, 2023, S278309.)

Appellant appears to argue that the court erred by failing to give his evidence of rehabilitation great weight, or, at minimum, appropriate weight in reaching its decision that dismissal of enhancements would be contrary to the interest of justice and would endanger public safety. That argument amounts to a claim the court abused its discretion. When, "'as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in

4

a manifest miscarriage of justice."""" (*People v. Jefferson* (2016) 1 Cal.App.5th 235, 242-243.)

The trial court did not abuse its discretion. Appellant has a commendable record of rehabilitation, including a disciplinary record devoid of rules violations reports, low risk assessment scores, a strong history of rehabilitative programming, and a sentencing referral from the CDCR Secretary. However, success within the confines of prison structure does not guarantee abstention from conduct endangering public safety once released. The jury convicted appellant of four robbery counts and found true two allegations he personally used a knife. Including his prior criminal history, appellant has sustained convictions for seven offenses that qualify as strikes. Given appellant's misconduct when at liberty, the trial court did not act arbitrarily, capriciously, or in a patently absurd manner in refusing to dismiss enhancements.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

David M. Hirsch, Judge
Superior Court County of Ventura

_____

Three Strikes Project, Milena Blake, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.